Aprobado.

---

(Pleito No. 64.—Fallado el 12 de Julio de 1900.)

### GARCÉS contra FRANCESCHI.

RECURSO contra sentencia dictada por el Tribunal de Distrito de San Juan.

INTERDICTO PARA RECOBRAR LA POSESIÓN DE UN INMUEBLE. Un interdicto de esa naturaleza no será procedente cuando se trata de una propiedad que se encuentra en manos de un depositario-administrador ó apoderado del Tribunal bajo las órdenes del mismo. La parte á cuya instancia actuó el Tribunal, no entró en posesión de dicho inmueble violenta ni clandestinamente.

#### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á doce de Julio de mil novecientos, en los autos de interdicto de recobrar la posesión, iniciados en el suprimido Juzgado de

San Germán y seguidos en el Tribunal de Distrito de Mayagüez á instancia de Don Gavino Garcés Nazario, agricultor, contra Don Damián Franceschi y Masorani, propietario, vecinos ambos de San Germán, pleito pendiente en este Tribunal Supremo del recurso de casación por infracción de ley por Garcés interpuesto, representado y defendido por el Letrado Don Herminio Díaz Navarro, estándolo el recurrido por el Letrado Don Manuel F. Rossy Calderón.— Resultando: Que Don Cándido Lugo y Rodríguez, dueño de la hacienda "Cruzada," compuesta de cien cuerdas ochenta y ocho céntimos, y de una estancia de pastos y frutos menores de veinte y cinco cuerdas sesenta y ocho céntimos, bienes que dió en hipoteca para garantir la suma reconocida en escritura pública en diez y ocho de Octubre de mil ochocientos noventa y cuatro, inscrita respecto á la hacienda al folio 32 vuelto, tomo 15 de San Germán, finca número 676 duplicado, inscripción 5ª, y por la estancia al folio 15 vuelto, tomo 18, también de San Germán, finca número 677 duplicado, inscripción 5ª, fué requerido por orden del Juzgado para satisfacer los intereses vencidos y no satisfechos que adeudaba á Don Damián Franceschi y Masorani, y transcurrido el plazo que se le fijó de acuerdo con las Ordenes Generales, como no lo efectuara, á virtud de demanda ejecutiva por Franceschi promovida reclamándole cinco mil trescientos pesos de capital, cuatrocientos un pesos treinta y tres centavos de intereses vencidos y los que venzan con las costas, se libró mandamiento de ejecución por el Juez de San Germán contra los bienes del deudor, especialmente los hipotecados, trabándose en éstos el embargo según diligencia, en once de Abril de mil ochocientos noventa y nueve y constituyéndose una administración judicial según provisto de diez y ocho de dicho mes y año.— Resultando: Que Don Cándido Lugo y Rodríguez por escrituras de diez y ocho de Octubre de mil ochocientos noventa y cuatro y veinte y uno de Diciembre de mil ochocientos noventa y siete ante el Notario de San Germán

Don José R. Nazario, convino con Don Gavino Garcés en arrendarle por diez años, dichas hacienda y estancia por precio y condiciones que en la escritura se expresan, contrato inscrito al folio 136, tomo 18 de San Germán, finca número 676 triplicado, inscripción 6ª por la hacienda, y al folio 17, tomo 18 de San Germán finca 667 duplicado, inscripción 6ª por la estancia.—Resultando : Que Don Gavino Garcés Nazario acudió en veinte de Julio de mil ochocientos noventa y nueve promoviendo interdicto de recobrar la posesión alegando como hechos los expresados en el resultando anterior, y que desde el contrato de arrendamiento ha estado en posesión y tenencia de las fincas arrendadas sin interrupción hasta el mes de Abril, en que por disposición del Juzgado y á instancia de Don Damián Franceschi se le privó violentamente de la posesión y disfrute de ellas, citando los artículos 430, 438, 441 y 446 del Código Civil, el artículo 1,649 de la Ley de Enjuiciamiento Civil, y las sentencias del Tribunal Supremo de veinte y cinco de Junio de mil ochocientos ochenta y ocho, once de Julio de mil ochocientos ochenta y uno y tres de Abril de mil ochocientos ochenta y cuatro por fundamentos de derecho ; y suplicando se declarara con lugar el interdicto con las costas, daños y perjuicios al demandado.—Resultando : Que admitida y practicada la información previa que la ley ordena, y elevados los autos al Tribunal del Distrito de Mayagüez por la nueva organización dada á los Tribunales, se convocó á las partes á la comparecencia para presentar las pruebas por escrito, las que declaradas pertinentes, se ordenó tener por acompañadas por el demandante las escrituras de arrendamiento mencionadas en el segundo resultando y testimonio de los particulares que el primer resultando refiere del ejecutivo seguido por Franceschi contra Lugo, celebrándose el juicio en el que confesó Franceschi que estableció demanda ejecutiva y embargó la hacienda "Cruzada ;" declarando los testigos por el demandante presentados, estaba Garcés en posesión cuando fué despojado por Franceschi por medio del

embargo hecho por el Juzgado; y dándose lectura del testimonio como prueba presentada á su debido tiempo por el demandado sobre diligencia de embargo y auto constituyendo la administración judicial antes expresados.—Resultando: Que dictada sentencia por el Tribunal de Distrito en tres de Noviembre último, declarando sin lugar el interdicto con las costas á Don Gabino Garcés, interpuso éste recurso de casación por infracción de ley, fundado en el número 1º del artículo 1,690 de la Ley de Enjuiciamiento Civil alegando, como infringidos:—1º El artículo 446 en relación con los 430, 431 y 432 del Código Civil, porque Garcés ha debido ser respetado en la posesión como arrendatario, y al decretarse el embargo en la ejecución de Franceschi y constituirse administración judicial debió depositarse en él lo embargado.—2º El artículo 1,651 de la Ley de Enjuiciamiento Civil, porque no distingue y declara procedente el interdicto de recobrar en todos los casos de despojo, no siendo aplicable al caso la jurisprudencia del Consejo de Estado, base del fallo.—3º El párrafo 4º del artículo 394 en relación con el 24 de la Ley Hipotecaria, por tener Garcés inscrito su derecho en el Registro, y debe ser respetado por Franceschi, que adquirió con posterioridad á la inscripción de aquel derecho, el crédito hipotecario; y pudo ejecutar, pero sin despojar de la posesión y disfrute á Garcés.—Resultando: Que tramitado el recurso, las partes sostuvieron el día de la vista sus respectivas pretensiones.— Siendo Ponente el Juez Asociado Don Juan Morera Martínez.—Considerando: Que el Juez de San Germán con jurisdicción, es decir, con la potestad de que se hallaban investidos los Jueces de 1ª Instancia para administrar justicia, y con competencia, ó sea la facultad que tenían para conocer de ciertos negocios, ya por la naturaleza de las cosas, ó bien por razón de las personas, pudo, cumpliendo los artículos 1,438 y 1,445 de la Ley de Enjuiciamiento Civil, decretar el mandamiento de ejecución que solicitó Don Damián Franceschi, ordenando se trabara el embargo en los bienes especialmente

hipotecados, como así el recurrente lo reconoce en la tercera infracción legal que cita.—Considerando: Que el embargo, sin prejuzgar derechos discutibles oportunamente, es el medio legal que garantiza el cumplimiento de una obligación según la naturaleza y efectos de ésta; y que trabado el embargo la ley exige el nombramiento de un depositario ó de un depositario-administrador, quien no es otra cosa que un verdadero mandatario ó apoderado del Juez que le nombra, según las disposiciones legales que rigen las obligaciones del depositario.—Considerando: Que dictada la resolución referida en el primer considerando y trabado el embargo que en el segundo se menciona, no puede decirse ni sostenerse que Franceschi ha entrado violenta ni clandestinamente en las fincas embargadas, requisitos indispensables para que el despojo exista, pues ni él las ha poseído ni posee, ni se encuentra en la tenencia de ellas por el hecho del embargo, por poseerlas y estar en la tenencia de las mismas el Juzgado, desde que el repetido embargo se llevó á efecto, por cuyas razones no procede el interdicto contra Franceschi; sin contar, además, que contra las resoluciones judiciales no cabe ese juicio sumarísimo, y sí sólo el ejercicio de las acciones y recursos por las leyes establecidos, para obtener la reparación del agravio y restablecimiento del derecho de que las partes y terceros se crean asistidos.—Considerando: Que por esos razonamientos el Tribunal sentenciador no ha infringido las leyes que en el recurso se mencionan y débese por ello declarar sin lugar el recurso con las costas.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Gavino Garcés Nazario, á quien condenamos en las costas, y líbrese al Tribunal del Distrito de Mayagüez la correspondiente certificación de esta sentencia con devolución de los autos que remitió.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Rafael Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Juan Morera Martínez, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á doce de Julio de mil novecientos.—E. de J. López Gaztambide.